IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** )
) 2:10cr103
v. ) **Electronic Filing**
)
**TODD SUMMERS** )

# MEMORANDUM ORDER

AND NOW, this 31st day of May, 2013, upon due consideration of defendant's motion for a new trial and the parties' submissions in conjunction therewith, IT IS ORDERED that the motion be, and the same hereby is, denied.

As demonstrated by the record at trial and the court's jury instructions, the issue of whether defendant willfully became a member of the charged conspiracy was squarely presented to the jury. So was defendant's contention that the transactions between himself and Snowly Brooks merely amounted to buyer and seller transactions without more. The jury resolved these matters against defendant and defendant has raised no serious ground for questioning its resolution.

Moreover, although defendant attacks the quantum of evidence establishing his awareness and understanding of the charged conspiracy and his willful membership in that enterprise, there was more than sufficient evidence to support the jury's affirmative determination that defendant knowingly and willfully became a member of the charged conspiracy and sought to further at least some of its basic aims and goals. For example, there was evidence indicating defendant knew that Williams controlled the distribution network and any price reduction that would flow down to defendant for completing his part had to come from Williams; defendant approached Williams and tried to obtain the benefits of such a reduction but was unsuccessful. There was also evidence, some of which came from defendant himself, that

defendant was well aware of his niche in the network and he made significant effort to maintain his connection with Snowly and preserve his niche for himself and Snowly's ongoing benefit. Defendant's dissatisfaction of the jury's consideration of this evidence and resolution of the factual issues submitted to it woefully falls short of supplying an adequate basis for granting a new trial.

Similarly, the issue of whether a the government's proof merely amounted to proof of separate and distinct conspiracies from the one charged in the indictment and thus failed to prove the existence of the single overall unlawful agreement charged in the indictment was submitted to the jury. It determined that the government's proof was sufficient to establish the existence of the charged conspiracy and defendant's membership in it. There was ample evidence from which the jury could make such findings of fact. When the record is viewed as a whole, defendant has failed to raise any basis to question the jury's assessment of these matters.

Finally, defendant's contention that the court should disregard Snowly Brook's trial testimony about the quantities of heroin flowing to defendant as part of his role in its overall operation and credit only isolated segments of Snowly Brook's pretrial statements to DEA agents is unavailing. DEA Special Agent Scott Smith testified that during the time he investigated the operation defendant received and redistributed at least a kilogram of heroin. Furthermore, the jury obviously credited Snowley's trial testimony, which was given under oath in open court, and defendant has failed to raise any persuasive basis for this court to discount or ignore it. Given these two sources, a conservative estimate of relevant conduct easily surpasses the 1 kilogram threshold even with the referenced "gaps" being taken into account.

s/ David Stewart Cecone  
David Stewart Cercone  
United States District Judge

cc: Margaret E. Picking, AUSA
Adrian Roe, Esquire
United States Marshal's Office
Pretrial Services

(*Via CM/ECF Electronic Mail*)